IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Civil Action No. 3:25-cv-128

SAKOYA THOMAS and SHAMITA
THOMAS,                                    )
                                           )
Plaintiffs,                                )
                                           )          **NOTICE OF REMOVAL**
v.                                         )
                                           )
THE CITY OF CHARLOTTE, CHARLOTTE-          )
MECKLENBURG POLICE DEPARTMENT,             )
CHARLOTTE-MECKLENBURG BOARD OF             )
EDUCATION, SHARON BRACY, ANGELA            )
MCKENZIE and CHRIS GRANT                   )
                                           )
Defendants.                                )
                                           )
                                           )
_____

       Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant, Officer Chris Grant ("Officer Grant"), hereby files this Notice of Removal to remove the above-captioned action from the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina, Case No. 25CV001196-590 ("State Court Action"), to the United States District Court for the Western District of North Carolina, Charlotte Division. The removal of this civil action is proper because:

       1.    This civil action was originally filed in the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina, Case No. 25CV001196-590 (the "State Court Action"). Mecklenburg County is within the District of this Court.

       2.    On January 9, 2025, the Plaintiff filed the Complaint in the State Court Action.

       3.    A copy of the Summons and Complaint and all other process, pleadings and orders in the State Court Action are attached hereto as **<u>Exhibit A</u>** pursuant to 28 U.S.C. § 1446(a).

4.     Counsel for Officer Grant accepted service of the Summons and Complaint on his behalf on February 18, 2025.  A copy of the Summons and Complaint was received by the City of Charlotte on January 30, 2025 and by the Charlotte Mecklenburg Police Department on January 31, 2025.   Angela Mckenzie was served on February 2, 2024.   The remaining Defendants have not been served, but all Defendants have consented to this request for removal through their counsel.

5.     This removal petition is timely filed within thirty (30) days after Officer Grant was served with the Summons and Complaint.  See 28 U.S.C. § 1446(b).

6.     Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction over this action because claims raised in the Complaint arise under the Constitution and laws of the United States. Therefore, this action is suitable for removal under 28 U.S.C. § 1441. Specifically, Plaintiffs assert claims against the Defendants arising under 42 U.S.C. § 1983 for alleged violations of Plaintiffs' rights under the United States Constitution.

7.     Plaintiffs also allege state claims connected by the same chain of events from which Plaintiffs' federal claim rises.  The state claim is so related to Plaintiffs' § 1983 claims "that [it] form[s] part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  As such, the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) of the state law causes of action brought by Plaintiffs in this lawsuit.

8.     Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal, Officer Grant is filing with the Clerk of Court of Mecklenburg County the Notice of State Court Removal that is attached hereto.  In addition, Officer Grant is serving a copy of this Notice of Removal on all counsel of record via email and United States Mail, first-class postage prepaid.   A filed copy of the Notice of Filing of Notice of Removal is attached to this

Notice of Removal as **<u>Exhibit B</u>**.

      **WHEREFORE,** this Defendant, having shown that the State Court Action is properly removable under federal question jurisdiction, respectfully requests the Court to exercise its jurisdiction over the State Court Action.

      **THIS** 19th day of February, 2025

/s/ Lori R. Keeton
Lori R. Keeton, N.C. State Bar # 25813
Law Offices of Lori Keeton
6000 Fairview Road, Suite 1200
Charlotte, North Carolina 28210
Phone: 704-575-9204
Facsimile: 704-919-5059
Email: lkeeton@lorikeetonlaw.com
*Attorney for Defendant Officer Chris Grant*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on February 19, 2025, a copy of the foregoing **Notice of Removal**

was filed electronically and served on all counsel of record as follows:

Elijah Broadwell
Poulin Willey Anastopoulo
32 Ann Street
Charleston, SC 29403
***Counsel for Plaintiffs***

Jill Sanchez Myers
City of Charlotte
Senior Assistant Attorney
600 E. Fourth Street
Charlotte, NC 28202
***Counsel for City of Charlotte and Charlotte Mecklenburg Police Department***

Oksana Cody
Charlotte Mecklenburg Board of Education
Senior Associate General Counsel
Office of General Counsel
4421 Stuart Andrew Blvd.
Charlotte, NC 28217
***Counsel for Charlotte-Mecklenburg Board of Education, Sharon Bracy and Angela Mckenzie***

**THIS** 19th day of February, 2025.

/s/ Lori R. Keeton
Lori R. Keeton, N.C. State Bar # 25813
Law Offices of Lori Keeton
6000 Fairview Road, Suite 1200 Charlotte, North
Carolina 28210
Phone: 704-575-9204
Facsimile: 704-919-5059
Email: lkeeton@lorikeetonlaw.com
***Counsel for Defendant Officer Chris Grant***

Mecklenburg County Clerk of Superior Court

25CV001196-590

IN THE STATE OF NORTH CAROLINA )    COURT OF GENERAL JUSTICE
COUNTY OF MECKLENBURG       )    SUPERIOR DIVISION
                                          CASE NO:

SAKOYA THOMAS and SHAMITA
THOMAS,

                 Plaintiffs,

      v.

THE CITY OF CHARLOTTE,
CHARLOTTE-MECKLENBURG
POLICE DEPARTMENT, CHARLOTTE-
MECKLENBURG BOARD OF
EDUCATION, SHARON BRACY,
ANGELA MCKENZIE, and CHRIS
GRANT.

                 Defendants.

**COMPLAINT**

Plaintiffs, Sakoya Thomas and Shamita Thomas ("hereinafter collectively referred to as Plaintiffs"), complaining of the Defendants, alleges and says:

## JURISDICTION AND VENUE

1.      That Sakoya Thomas (Sakoya) is an adult citizen and resident of Charlotte, Mecklenburg County, North Carolina, and was a student of Hawthorne Academy of Health Science (Hawthorne) at all times relevant to this complaint.

2.      That Shamita Thomas (Shamita) is an adult citizen and resident of Charlotte, Mecklenburg County, North Carolina, and is the natural mother of Sakoya, who was a sixteen year-old minor at the time of the incident.

3.      That Plaintiffs are informed, believe, and therefore allege that Defendant, The City of Charlotte (Charlotte), is a governmental entity existing under the laws of the state of North Carolina and operates in schools located throughout Mecklenburg County, including

1

Hawthorne, and employs police officers through the Charlotte-Mecklenburg Police Department (CMPD). At all times herein mentioned in this lawsuit, Charlotte acted and carried on its business by and through its agents, servants, and/or employees at its various locations, including Hawthorne.

4.      That Plaintiffs are informed, believe, and therefore allege that Defendant, CMPD, is a governmental entity existing under the laws of the state of North Carolina and operates in schools located throughout Mecklenburg County, including Hawthorne. At all times herein mentioned in this lawsuit, CMPD acted and carried on its business by and through its agents, servants, and/or employees at its various locations, including Hawthorne.

5.      That Plaintiffs are informed, believe, and therefore allege that Defendant Charlotte-Mecklenburg Board of Education (CMBE) is a governmental agency/entity existing under the laws of the state of North Carolina and has facilities and schools located throughout Mecklenburg County, including Hawthorne. At all times herein mentioned in this lawsuit, CMBE acted and carried on its business by and through its agents, servants, and/or employees at its various locations, including Hawthorne.

6.      That Plaintiffs are informed, believe, and therefore allege that Defendant Sharon Bracy (Sharon), sued in her individual capacity, upon information and belief is a citizen and resident of Mecklenburg County, North Carolina and a public employee of CMBE and Hawthorne.

7.      That Plaintiffs are informed, believe, and therefore allege that Defendant Angela McKenzie (Angela) sued in her individual capacity, upon information and belief is a citizen and resident of Cabarrus County, North Carolina and a public employee of CMBE and Hawthorne.

2

8. That Plaintiffs are informed, believe, and therefore allege that Defendant Chris Grant (Chris), sued in his individual capacity, upon information and belief is a citizen and resident of Mecklenburg County, North Carolina and a public employee of CMBE, CMPD, and Charlotte.

9. At times relevant to the allegations herein, Chris was an employee and/or agent of Defendants Charlotte, CMPD, and CMBE and was at all times acting within the scope of his employment.

10. This action has been brought in part under 42 U.S. Code §1983.

11. In the alternative, if the Court finds that any of the Defendants are entitled to governmental immunity, which Plaintiffs deny, then Plaintiffs have no adequate remedy at law, and Plaintiffs assert violations of Article I, §§ 15 and 19 and Article IX, § 1 of the North Carolina Constitution.

12. The Superior Court of Mecklenburg County, North Carolina has jurisdiction over the parties and the subject matter of this action.

13. Venue is proper.

14. Plaintiffs have been damaged in excess of $25,000.00.

15. All claims for relief asserted herein that are mutually exclusive to another claim for relief are hereby made in the alternative to the other claim for relief.

**GENERAL FACTS**

16. Plaintiffs hereby incorporate by reference the allegations contained in all paragraphs above and below.

17. On February 3, 2023, Sakoya was verbally confronted by a fellow student in the Hawthorne cafeteria.

3

18.     During this confrontation the other student was the initial aggressor and began standing over Sakoya, who was in a seated position, during the verbal confrontation.

19.     As a result of the verbal confrontation, Sakoya felt very threatened by the other student.

20.     The School Resource Officer (SRO) on duty, Chris Grant, saw the altercation take place and intervened, pulling Sakoya out of the cafeteria and into SRO office.

21.     While Sakoya was being escorted to the SRO office, she was not trying to continue the altercation or go back into the Cafeteria.

22.     Rather, Sakoya was attempting to walk away and deescalate the confrontation, however Chris Continued to aggressively grab her clothes and drag her into the SRO office. Sakoya continually asked Chris to not grab her clothes since it was escalating her state of mind, however he continued to do so.

23.     Chris never communicated to Sakoya that he was attempting to escort Sakoya to the SRO office and never asked Sakoya if she would walk to the SRO office willingly. Rather, Chris just aggressively pushed and pulled Sakoya to the SRO office, thereby unnecessarily escalating the situation.

24.     Once Chris dragged Sakoya into the SRO office, he wrongfully and inappropriately slammed Sakoya to the ground and smashed her face into the edge of a table, which unnecessarily escalated the situation. Sakoya's nose began bleeding as a result of her hard impact with the table.

25.     Chris then placed Sakoya in handcuffs and placed his knee on her back, causing painful injury and a difficulty for Sakoya to breath.

4

26.     Once on the ground and handcuffed, Sakoya was then threatened by Chris with the use of a taser.

27.     The events in the SRO office lasted approximately seven minutes before Sakoya was escorted to the school nurse office for medical treatment resulting from the injuries sustained from Chris. Sakoya was still handcuffed and restrained at this time.

28.     Once Sakoya arrived at the school nurse office, she was examined by the nurse and treated for her injuries. Sakoya was still handcuffed and restrained at this time.

29.     By the time Sakoya arrived at the school nurse office, she was in a calm state of mind and the situation had completely deescalated. However, Chris kept Sakoya handcuffed and restrained for the entirety of the time that Sakoya was being examined by the nurse, which was approximately 15 minutes.

30.     While in the nurse office, Sharon and Angela were also present and witnessed Sakoya's calm and non-aggressive demeanor. Sharon and Angela either recognized or should have recognized that the situation had deescalated.

31.     Sharon and Angela requested one time that Chris remove the handcuffs.

32.      Chris refused to remove the handcuffs and Sharon and Angela did nothing further to have Sakoya released from her restraints.

33.     The school nurse also noticed that Sakoya was calm and non-combative, prompting her to request that the handcuffs be removed from Sakoya, but Chris again refused and kept the handcuffs on Sakoya.

34.     At some point during the situation the Emergency Medical Technicians (EMT) were called. Once they arrived, Sakoya was escorted from the school nurse office to the ambulance. Sakoya was still handcuffed and restrained at this time.

5

35.     Once Sakoya arrives to the ambulance, Chris began taking pictures of her injuries. Sakoya was still handcuffed and restrained at this time.

36.     Chris finally removed the handcuffs from Sakoya when she was loaded into the ambulance and taken to Novant Mint Hill Hospital.

37.     Chris is approximately six feet tall with a strong build, while Sakoya is five feet and 3 inches tall and is significantly weaker than Chris.

38.     Sakoya at no point during the confrontation communicated any threats of violence to the other student, Chris, or any other individuals.

39.     After the incident, the school staff failed to notify Shamita that Sakoya had been injured by Chris. Shamita heard about Sakoya's injuries from a one of Sakoya's friends, who had to call Sakoya's sister, who then had to notify Shamita. Shamita then had to call the school staff herself to gain more information on her daughter's injuries.

40.     Upon information and belief, Chris was not wearing a body camera or the camera was not active.

41.     Upon information and belief, the school policy is that a confrontation between two females should be handled by a female SRO officer.

42.     However, the Female SRO officer that would have otherwise handled the confrontation had quit approximately seven months prior, but Sharon and Angela failed to employ a replacement female SRO officer.

43.     As a result of the actions and omissions of CMBE, Charlotte, CMPD, Sharon Bracy Angela McKenzie, and Chris Grant (hereinafter collectively referred to as "Defendants"), Sakoya suffered swelling to her face, swelling to her ears and jaw, nose bleeds, and lacerations to

6

her face. Sakoya also experienced severe and permanent anxiety, embarrassment, emotional distress, and other psychological damages to be proven at trial.

`

## **GOVERNMENTAL IMMUNITY IS WAIVED**

44.     Plaintiffs hereby incorporate by reference the allegations contained in all paragraphs above and below.

45.     N.C. General Statute §115C-42 provides: "Any local board of education, by securing liability insurance as hereinafter provided, is hereby authorized and empowered to waive its governmental immunity from liability for damage by reason of death or injury to person or property caused by the negligence or tort of any agent or employee of such board of education when acting within the scope of his authority or within the course of his employment. Such immunity shall be deemed to have been waived by the act of obtaining such insurance, but such immunity is waived only to the extent that said board of education is indemnified by insurance for such negligence or tort."

46.     Upon information and belief, Defendants have waived governmental immunity that could otherwise apply to the claims in this case. Upon information and belief, Defendants have purchased liability insurance, either by contract with an insurance company or other qualified insurer as determined by the Department of Insurance, which provides insurance coverage to Defendants—including coverage to its officers and employees—for the claims raised in this action. Defendants have thereby waived its sovereign or governmental immunity on these claims by purchasing insurance pursuant to N.C. General Statute § 115C-42.

7

47.     Alternatively, should the Court determine that Defendants are entitled to governmental immunity, which Plaintiffs deny, then Plaintiffs will have no adequate remedy at law and assert violations of Article I, §§ 15 and 19 and Article IX, § 1 of the North Carolina Constitution.

48.     Charlotte has waived Governmental Immunity in accordance with N.C.G.S. § 160A-485.5 and Charlotte City Council Resolution Book 42, Page 226.

49.     Further, these claims are being made against Defendant Chris Grant in his individual capacity as a public employee for acts that occurred within the scope of his employment.

### FIRST CAUSE OF ACTION:
### NEGLIGENCE AND GROSS NEGLIGENCE
### (Against Chris Grant, CMBE, Charlotte, and CMPD)

50.     Plaintiffs hereby incorporate by reference the allegations contained in all paragraphs above and below.

51.     Chris owed a duty to Sakoya to provide protection from unlawful discrimination and harassment at school, to provide a safe school environment, and prevent physical and mental injury to Sakoya.

52.     Chris breached his duties in the following ways:

   a.  Failed to properly monitor and control the behavior of other students;
   b.  Was deliberately indifferent to the safety of Sakoya;
   c.  Failed to de-escalate the confrontation started by the other student;
   d.  Failed to employ proper de-escalation tactics with Sakoya;
   e.  Wrongfully and inappropriately restrained Sakoya, causing her physical, psychological, and emotional injury;
   f.  Wrongfully and inappropriately threatened Sakoya with additional violence after she was restrained, specifically with the use of a taser;

8

g. Failed to properly document and report the assault on Sakoya;

h. Upon information and belief, failed to provide proper medical care to Sakoya in a timely manner;

i. Violated policy codes P-HASM, S-DISC, and any other provisions of the *Charlotte-Mecklenburg School Policies* to be proven at trial;

j. Violated various policies within the *CMPD Directives*, to include but not be limited to: Section 300 Secondary Employment, Provision II(A); Section 400 Equipment, Provisions IV(B); Section 400 Body Worn Cameras, Provision IV(E)(1), Provision IV(E)(2), Provision IV(E)(3), Section 600 Response to Resistance, Provisions IV(A), IV(B), and IV(C); and any other provisions of the *CMPD Directives* to be proven at trial; and

k. In any other ways to be proven at trial.

53.     Upon information and belief, CMBE, Charlotte, and CMPD were negligent in the following additional ways:

a. Failed to train employees regarding policies and acceptable practices;

b. Failed to properly supervise the responsibilities of its employees on the premises;

c. Failed to properly train employees on de-escalation tactics between students;

d. Failed to properly train employees on de-escalation tactics between students and facility staff;

e. Failed to properly train employees on *Charlotte Mecklenburg School Policies* (allegations specifically against CMBE);

f. Failed to properly train employees on CMPD Directive (allegation specifically against Charlotte); and

g. Any other failures to be proven at trial.

54.     The acts described above were willful and wanton, done with reckless indifference or in total disregard for the rights and safety of others, including Sakoya.

9

55.     All of the aforesaid injuries and damages of Plaintiffs were directly and proximately caused by the negligence of CMBE's, CMPD's, and Charlotte's agent and/or employee, whose negligence is imputable to CMBE, CMPD and Charlotte under the doctrine of agency and/or *respondeat superior*.

56.     As a direct and proximate result of the gross negligence and negligence of the Defendants, the Plaintiffs are entitled to a recovery of damages in an amount in excess of $25,000.00.

### SECOND CAUSE OF ACTION:
### NEGLIGENCE AND GROSS NEGLIGENCE
### (Against Sharon Bracy, Angela McKenzie, and CMBE)

57.     Plaintiffs hereby incorporate by reference the allegations contained in all paragraphs above and below.

58.     Sharon and Angela owed a duty to Sakoya to provide protection from unlawful discrimination and harassment at school, to provide a safe school environment, and prevent physical and mental injury to Sakoya.

59.     Sharon and Angela Breached their duties in the following ways:

   a.   Failed to properly monitor and control the behavior of other students;

   b.   Was deliberately indifferent to the safety of Sakoya;

   c.   Failed to de-escalate the confrontation started by the other student;

   d.   Failed to employ proper de-escalation tactics with Sakoya;

   e.   Failed to properly document and report the assault on Sakoya;

   f.   Violated policy codes P-HASM, S-DISC, and any other provisions of the Charlotte-Mecklenburg School Policies to be proven at trial;

   g.   Failed to monitor and supervise Hawthorne employees, specifically Chris;

   h.   Failing to hire the appropriate SRO officers, specifically a female SRO officer who is equipped to handle a confrontation between two females; and

   i.   In other ways to be proven at trial.

10

60.     The acts described above were willful and wanton, done with reckless indifference or in total disregard for the rights and safety of others, including Sakoya.

61.     All of the aforesaid injuries and damages of Plaintiffs were directly and proximately caused by the negligence of CMBE's agent and/or employee, whose negligence is imputable to CMBE under the doctrine of agency and/or *respondeat superior.*

62.     As a direct and proximate result of the gross negligence and negligence of the Defendants, the Plaintiffs are entitled to a recovery of damages in an amount in excess of $25,000.00.

**THIRD CAUSE OF ACTION:**
**ASSAULT AND BATTERY**
**(Against Chris Grant)**

63.     Plaintiffs hereby incorporate by reference the allegations contained in all paragraphs above and below.

64.     Chris beached his duty of care and was a direct and proximate cause of Sakoya's injuries and damage by the careless, negligent, and unlawful conduct and acts alleged herein above and said allegations and causes of action are incorporated as if fully referenced herein.

65.     Chris intentionally caused bodily contact with Sakoya.

66.     The bodily contact was offensive to a reasonable sense of personal dignity.

67.     The bodily contact occurred without consent.

68.     Chris acted and displayed force and violence to threaten Sakoya with imminent injury such that it caused Sakoya to have reasonable apprehension that harmful and offensive contact was imminent, specifically, but not limited to, threatening Sakoya with the use of a taser after she was handcuffed on the ground.

11

69.     Chris did not have probable cause to execute the arrest of Sakoya at any time relevant the events described herein.

70.     In the alternative to the allegations in the paragraph immediately above, should this court determine that probable cause did exist, Chris used excessive force under the given circumstances in executing the arrest of Sakoya.

71.     The use of force by Chris in arresting Sakoya exceeded the level of force reasonably necessary to properly discharge his duties.

72.     The injuries and damages of Sakoya are the direct and proximate result of Chris's assault and battery.

73.     As a direct and proximate result of the assault and battery by Chris, the Plaintiffs are entitled to a recovery of damages in an amount in excess of $25,000.00.

**FOURTH CAUSE OF ACTION:**
**FALSE IMPRISONMENT**
**(Against Chris Grant)**

74.     Plaintiffs hereby incorporate by reference the allegations contained in all paragraphs above and below.

75.     Chris intentionally detained Sakoya against her will in the SRO office.

76.     Chris lacked probable cause to arrest or otherwise detain Sakoya.

77.     Chris detained Sakoya through the use of actual force, bodily contact, confinement, threatening words, and/or conduct that caused Sakoya to have reasonable apprehension that force would be used against her if she did not submit.

78.     During these periods of detention, Sakoya was deprived of her liberty and compelled to remain where she did not wish to remain.

79.     At all times herein alleged, Sakoya was detained unlawfully.

12

80.     As a direct and proximate cause of Chris's actions, Sakoya was damaged by Chris's false imprisonment.

81.     As a direct and proximate result of the false imprisonment by Chris, the Plaintiffs are entitled to a recovery of damages in an amount in excess of $25,000.00.

## FIFTH CAUSE OF ACTION:
## VIOLATION 42 U.S. CODE § 1983
## (Against All Defendants)

82.     Plaintiffs hereby incorporate by reference the allegations contained in all paragraphs above and below.

83.     This cause of action is brought against all defendants individually for deliberate actions and indifference to the specific threat of harm and fair treatment to Sakoya. Defendants CMBE and Charlotte, by and through its employees and policies, failed to protect the safety and well-being of Sakoya and deliberately caused physical injury to her persons.

84.     By engaging in the acts described herein, Chris was, at all relevant times, acting under the color of state law and with deliberate indifference, violated Sakoya's rights under the U.S. Constitution to be free from unreasonable seizures and excessive force.

85.     CMBE and CMPD both created and implemented a restraint/use of force policies that merely provide a vague and ambiguous reasonableness standard that fails to provide clear and specific guidelines pertaining to arresting and restraining juvenile students.

86.     CMBE's and CMPD's failure to provide clear and specific guidelines pertaining to the arrest and restraint of juvenile students constitutes a deliberate indifference to the known and obvious consequences that are likely to arise from the arrest and restraint of a juvenile

13

students and CMBE's and CMPD's deliberate indifference was the moving force behind the constitutional violation alleged herein.

87.     Upon information and belief, CMBE and CMPD engaged in and allowed a custom and/or practice of being deliberately indifferent to the abuse of students. Upon information and belief, this custom and/or practice is so engrained in the departmental practices that it in effect has the force of law.

88.     Sharon, as principal of Hawthorne, and Angela, as vice-principal of Hawthorne, adopted an implemented a restraint policy that is exactly identical CMBE's restraint policy.

89.     In doing so, Sharon and Angela created a policy and custom under which the unconstitutional seizure occurred and exhibited a deliberate indifference to the rights of others by failing to act on information that intentional acts were occurring.

90.     Specifically, Sharon and Angela failed to have the handcuffs removed from Sakoya while she was being examined by the school nurse and after she had calmed down and the situation had fully deescalated. These events exhibit on the part of Sharon and Angela subjective knowledge of the risk of harm and a deliberate disregard of that risk that rises above gross negligence.

91.     Additionally, Sharon and Angela's failure to have Chris remove the handcuffs from Sakoya for over 15 minutes while directly witnessing Sakoya calm demeanor and seeing that the situation had deescalated constitutes gross negligence in the supervision of Chris, the subordinate employee who committed the wrongful act.

92.     The Fourth and Fourteenth Amendment rights of Sakoya to be free from unreasonable seizures and excessive force as described herein was clearly established in law at the time of the incidents alleged.

14

93.    The U.S. Constitution protects Sakoya against unreasonable search and seizure and excessive force. "[The] reasonableness of a particular seizure depends not only on when it is made, but also on how it is carried out." Graham v. Connor, 490 U.S. 386, 395 (1989). Whether a seizure is unreasonable and unconstitutional depends on the totality of the circumstances.

94.    At all times relevant hereto, Defendants were depriving Sakoya of her Fourth Amendment right against unreasonable search and seizure and excessive force, her Fourteenth Amendment Right of equal protection, as well as any other violation of her constitutional rights to be proven at trial.

95.    Upon information and belief, CMBE and Charlotte have actual and/or constructive knowledge that Chris was engaged in conduct, as alleged above, that posed a pervasive and unreasonable risk of constitutional injury to citizens like Sakoya.

96.    Sakoya did not pose an immediate risk of harm to herself, other students, faculty and staff, Chris Grant, or school property at any time alleged herein.

97.    At all times alleged herein, Sakoya was not:

    a.  In possession of a weapon or other dangerous object;

    b.  Engaging in a physical altercation with any other individuals;

    c.  Posing a risk to any other individuals; and

    d.  Destroying or attempting to destroy school property;

98.    Chris's conduct, in light of the totality of circumstances, posed a pervasive and unreasonable risk of injury, to include but not be limited to:

    a.  Threatening physical harm to Sakoya;

    b.  Causing physical harm to Sakoya;

    c.  Acting with aggression towards Sakoya;

    d.  Inappropriately and unconstitutionally restraining Sakoya;

    e.  Acting with disregard to the wellbeing of Sakoya;

    f.  Forcefully slamming Sakoya to the ground;

15

g. Showing complete disregard to potentially hazardous environmental risks, namely the table that Sakoya was slammed into;

h. Using heavy force in the arrest despite a great age and size difference between Chris and Sakoya; and

i. Other ways to be proven through discovery of this matter.

99. Chris deliberately and intentionally kept Sakoya handcuffed for over 15 minutes after she calmed down and the situation was deescalated.

100. The use of force and restraint techniques implemented on Sakoya by Chris was grossly excessive and caused pain and injury to Sakoya that required her to be taken to the hospital for medical treatment.

101. Chris acted maliciously, intentionally, and in reckless disregard to the rights of the Sakoya by executing the unlawful arrest with excessive force and without probable cause.

102. At all-times alleged herein, Chris either knew or should have known that his actions violated clearly established law.

103. A reasonable person in the same or similar position as Chris would be aware of the inappropriateness of the conduct described herein.

104. At all times relevant hereto, CMBE's, CMPD's, and Charlotte's responses to the knowledge of Chris's conduct was so inadequate as to show a deliberate indifference to or tacit authorization of the alleged offensive practices.

105. At all times relevant hereto, the Defendant's actions and inactions actually and proximately caused Sakoya's injuries.

106. Sakoya was assaulted in front of classmates and school staff, thereby causing undue mental distress and embarrassment.

16

107. CMBE, CMPD, and Charlotte created the dangerous environment through the implementation of its policies, which subjected Sakoya to the risk of inadequate supervision and negligent school staff and, at the very least, significantly increased the risk of that danger and did so through affirmative acts.

108. As a direct and proximate result of CMBE's, CMPD's, and Charlotte's, actions of implementing inadequate policies Sakoya was placed in a position of danger whereby Sakoya suffered, and continues to suffer, severe physical and psychological injuries and was forced to endure extreme pain, suffering, emotional distress, and mental anguish together with a total deprivation of her rights guaranteed to her by the Constitution of the United States of America, including but not limited to, her substantive due process rights under the Fourteenth Amendment to bodily integrity and to be free from state-created danger.

109. As a direct and proximate result of the actions or omission of the Defendants, the Plaintiffs are entitled to a recovery of damages in an amount in excess of $25,000.00.

### SIXTH CAUSE OF ACTION:
### NORTH CAROLINA CONSTITUTION VIOLATION
### (In the alternative)
### (Against All Defendants)

110. Plaintiffs hereby incorporate by reference the allegations contained in all paragraphs above and below.

111. Alternatively, should the Court determine that Defendants are entitled to governmental immunity, which Plaintiffs deny, then Plaintiffs have no adequate remedy at law and assert the following constitutional violations pursuant to the law of the State of North Carolina.

17

112. This alternative cause of action is brought against Defendants pursuant to Article I, §§ 15 and 19 and Article IX, § 1 of the North Carolina Constitution. This case represents a constitutional claim for damages.

113. At all times relevant hereto, CMBE, CMPD, and Charlotte were vicariously liable for the actions of the Chris.

114. At all times relevant hereto, CMBE was vicariously liable for the actions of the Sharon and Angela.

115. Sakoya, as a resident of North Carolina, is entitled to protections pursuant to the Declaration of Rights of the North Carolina Constitution. Accordingly, Defendants hold a duty to guard and maintain Sakoya's right to education and provide equal protection to that effect, as provided for in the North Carolina Constitution.

116. Defendants failed to uphold that duty by the actions and omissions described herein and thereby showed a deliberate disregard for maintaining a safe educational environment for Sakoya. As a result, Defendants' actions and omissions allowed the conduct alleged herein, thereby depriving Sakoya of her constitutional right to an education under the North Carolina Constitution.

117. Additionally, Sakoya has the right to not be deprived of her liberties and privileges, or be deprived of life, liberty, or property, but by the law of the land. Sakoya is entitled to equal protection of the laws

118. Due to the actions of Defendants, as alleged in the Complaint, Sakoya has been deprived of a liberty interest and privilege of an education free from physical harm.

119. Sakoya's injuries were an actual and proximate result of Defendants' deliberate disregard for a safe educational environment.

18

120.    The events alleged herein, which upon information and belief were permitted to arise due to the negligence and deliberate indifference of Defendants, deprived Sakoya of the privilege of safe education environment, as well as to be free from state-created danger and harm.

121.    As a direct and proximate result of Defendants', and/or its employees' actions, deliberate indifference, and/or failure to protect Sakoya, she suffered severe and permanent physical and psychological injuries and was forced to endure extreme pain, suffering, emotional distress, and mental anguish together with a total deprivation of her rights guaranteed to her by the North Carolina Constitution. Defendants have violated;

   a.    Article I, § 15 of the North Carolina Constitution by depriving Sakoya of an education free from bodily harm and psychological abuse in violation of her right to education;

   b.    Article I, § 19 of the North Carolina Constitution by depriving Sakoya of an education free from bodily harm and psychological abuse and thereby unlawfully depriving her of her liberty, interests, rights, and privileges; and

   c.    Article IX, § 1 of the North Carolina Constitution by depriving Sakoya of an education free from harm and psychological abuse in violation of the obligation that schools and means of education shall be encouraged.

122.    As a direct and proximate result of the actions and omissions of the Defendants, Plaintiffs are entitled to a recovery of damages in an amount in excess of $25,000.00.

## SEVENTH CAUSE OF ACTION:
## INTENTIONAL OR RECKLESS INFLICTION OF EMOTIONAL DISTRESS
## (Against Chris Grant)

123.    Plaintiffs hereby incorporate by reference the allegations contained in all paragraphs above and below.

124.    The acts, omissions, allegations, and causes of action against Chris as alleged in this Complaint and incorporated by reference as if fully set out herein were acted and engaged in

19

an extreme and outrageous manner which exceeds all bounds of behavior usually tolerated by a decent society.

125.    Chris's conduct lacked reasonable and ordinary care, was intended to cause harm, and was recklessly indifferent to the likelihood that it would cause severe emotional distress to Sakoya.

126.    Chris's conduct did in fact cause severe emotional distress to Sakoya.

127.    The injuries and damages of Sakoya are the direct and proximate result of Chris's negligent, intentional, or reckless infliction of severe emotional distress.

128.    As a direct and proximate result of the actions and omissions of the Chris, the Plaintiffs are entitled to a recovery of damages in an amount in excess of $25,000.00.

**EIGHTH CAUSE OF ACTION:**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**(In the Alternative)**
**(Against Chris Grant)**

129.    Plaintiffs hereby incorporate by reference the allegations contained in all paragraphs above and below.

130.    The conduct, acts, and omissions of Defendants, stated more particularly herein above and incorporated by reference as if fully set out herein, were negligent and Defendants negligently engaged in said conduct, acts, and omissions.

131.    It was reasonably foreseeable that the negligent conduct of Defendants would cause Sakoya to suffer emotional distress.

132.    The negligent conduct of Defendants did in fact cause Sakoya severe emotional distress, from which she continues to suffer today.

133.    The injuries and damages of Sakoya are the direct and proximate result of Defendants negligent infliction of emotional distress.

20

134.    As a direct and proximate result of the actions and omission of the Defendants, the Plaintiffs are entitled to a recovery of damages in an amount in excess of $25,000.00.

### NINTH CAUSE OF ACTION:
### PUNITIVE DAMAGES AND GROSS NEGLIGENCE
### (Against Chris Grant, Sharon Bracy, and Angela McKenzie)

135.    Plaintiffs hereby incorporate by reference the allegations contained in all paragraphs above and below.

136.    The deliberate indifference and actual conduct of Defendants, as described herein, constitutes malice or willful or wanton conduct.

137.    The likelihood, at all relevant times, of serious harm due to the acts of omissions of Defendants was great.

138.    Defendants' actions were reprehensible, and capable of repetition. A punitive award is necessary to deter future similar conduct.

139.    Defendants participated in or condoned the conduct constituting the aggravating factor giving rise to punitive damages.

140.    All of the aforesaid injuries and damages of Plaintiffs were directly and proximately caused by the negligence of CMBE's, CMPD, and Charlotte's agent and/or employee, whose negligence is imputable to CMBE, CMPD, and Charlotte under the doctrine of agency and/or *respondeat superior*.

141.    As a result, of the acts described herein, the Plaintiffs are entitled to a recovery of punitive damages to be determined by a jury.

### JURY DEMAND

142.    Plaintiffs hereby demand a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

21

**WHEREFORE**, Plaintiffs pray for judgment against the Defendants as follows:

1)     That the Plaintiffs have and recover damages from CMBE, Charlotte, CMPD, and Chris Grant, in their individual capacities, jointly and severally, in an amount to be determined at trial, for their negligence and gross negligence;

2)     That the Plaintiffs have and recover damages from CMBE, Sharon Bracy, and Angela McKenzie, in their individual capacities, jointly and severally, in an amount to be determined at trial, for their negligence and gross negligence;

3)     That the Plaintiffs have and recover damages from Chris Grant, in their individual capacities, jointly and severally, in an amount to be determined at trial, for their assault and battery;

4)     That the Plaintiffs have and recover damages from Chris Grant, in their individual capacities, jointly and severally, in an amount to be determined at trial, for their false imprisonment;

5)     That Plaintiffs have and recover damages from CMBE, Charlotte, CMPD, Sharon Bracy, Angela McKenzie, and Chris Grant, in their individual capacities, jointly and severally, in an amount to be determined at trial pursuant to 42 U.S.C. § 1983 for its violation of the United States Constitution;

6)     In the alternative, that Plaintiffs have and recover damages in an amount to be determined at trial, from CMBE, Charlotte, CMPD, Sharon Bracy, Angela McKenzie, and Chris Grant, in their individual capacities, jointly and severally, for its violation of the North Carolina Constitution, as Plaintiffs have no adequate remedy at law;

7)     That the Plaintiffs have and recover damages from Chris Grant, in their individual capacities, jointly and severally, in an amount to be determined at trial, for their intentional infliction of emotional distress;

8)     That the Plaintiffs have and recover damages from CMBE, Charlotte, CMPD, and Chris Grant, in their individual capacities, jointly and severally, in an amount to be determined at trial, for their negligent infliction of emotional distress;

9)     That the Plaintiffs be awarded punitive and/or exemplary damages for the malicious, wanton, willful, reckless acts of Chris Grant, Sharon Bracy, and Angela McKenzie, pursuant to N.C.G.S. §§ 1D-1, et seq.;

10)    That the Plaintiffs have and recover damages from CMBE, Charlotte, CMPD, and Chris Grant, in their individual capacities, jointly and severally, in an amount to be determined at trial, for respondeat superior/vicarious liability in claims for relief allowed by law;

11)    That the Defendants be taxed with the costs of this action, including reasonable attorney fees as allowed by law, expenses, prejudgment interest, etc.; and

22

12)     That all issues so triable, be tried to a jury; and for any other relief this Court deems just and proper under the circumstances.

**SIGNATURE ON THE FOLLOWING PAGE**

23

This the 7 day of January, 2025.

Respectfully submitted,

**POULIN | WILLEY | ANASTOPOULO, LLC**

 _/s/Elijah Broadwell_____
Elijah D. Broadwell
N.C. Bar No: 59255
Ryan A. Valente
N.C. Bar No: 40140
Poulin | Willey | Anastopoulo, LLC
32 Ann Street
Charleston, SC 29403
(803) 222-2222
Teambroadwell@poulinwilley.com
**Attorneys for Plaintiff**

24

# STATE OF NORTH CAROLINA

_____ MECKLENBURG _____ County

In The General Court Of Justice
☐ District ☒ Superior Court Division

| | |
|---|---|
| Name Of Plaintiff | |

SAKOYA THOMAS and SHAMITA THOMAS

Address
C/o Poulin Willey Anastopoulo, LLC: 32 Ann Street

| City, State, Zip | | |
|---|---|---|
| Charleston | SC | 29403 |

## CIVIL SUMMONS
☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)**

G.S. 1A-1, Rules 3 and 4

**VERSUS**

Name Of Defendant(s)
THE CITY OF CHARLOTTE, CHARLOTTE-MECKLENBURG POLICE DEPARTMENT, CHARLOTTE-MECKLENBURG BOARD OF EDUCATION, SHARON BRACY, ANGELA MCKENZIE, and CHRIS GRANT.

Date Original Summons Issued

Date(s) Subsequent Summons(es) Issued

### To Each Of The Defendant(s) Named Below:

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| The City of Charlotte | Charlotte-Mecklenburg Police Department |
| c/o Charlotte City Attorney or thier agent | c/o Charlote-Mecklenburg Police Chief or thier agent |
| 600 E 4th St | 601 E. Trade Street |
| Charlotte,      NC    28202 | Charlotte, NC      NC    28202 |

⚠️ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles! Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued | Time | |
|---|---|---|---|
| Elijah Broadwell | 1/9/2025 | 12:41:44 pm ☐ AM ☐ PM | |
| Poulin Willey Anastopoulo, LLC | Signature | | |
| 32 Ann Street | /s/ Mitchell Woodard | | |
| Charleston    SC    29403 | ☐ Deputy CSC   ☒ Assistant CSC   ☐ Clerk Of Superior Court | | |

| ☐ ENDORSEMENT (ASSESS FEE) | Date Of Endorsement | Time |
|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | | ☐ AM ☐ PM |
| | Signature | |
| | ☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** _Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed._

(Over)

AOC-CV-100, Rev. 12/23
© 2023 Administrative Office of the Courts

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

| ☐ Acceptance of service. Summons and complaint received by: ☐ Defendant 1. ☐ Other: *(type or print name)* | Date Accepted | Signature |
|---|---|---|

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

| ☐ Acceptance of service. Summons and complaint received by: ☐ Defendant 2. ☐ Other: *(type or print name)* | Date Accepted | Signature |
|---|---|---|

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

# STATE OF NORTH CAROLINA

_____ MECKLENBURG _____ County

File No.
**25CV001196-590**

In The General Court Of Justice
☐ District ☒ Superior Court Division

Name Of Plaintiff
SAKOYA THOMAS and SHAMITA THOMAS

Address
C/o Poulin Willey Anastopoulo, LLC: 32 Ann Street

City, State, Zip
Charlotte     SC     29403

**VERSUS**

Name Of Defendant(s)
THE CITY OF CHARLOTTE, CHARLOTTE-MECKLENBURG POLICE DEPARTMENT, CHARLOTTE-MECKLENBURG BOARD OF EDUCATION, SHARON BRACY, ANGELA MCKENZIE, and CHRIS GRANT.

**CIVIL SUMMONS**

☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)**

G.S. 1A-1, Rules 3 and 4

Date Original Summons Issued

Date(s) Subsequent Summons(es) Issued

## To Each Of The Defendant(s) Named Below:

Name And Address Of Defendant 1
Charlotte Mecklenburg Board of Edcucation
c/o The Board Chair or thier agent
701 E M.L.K. Jr Blvd
Charlotte,     NC     28202

Name And Address Of Defendant 2
Sharon Bracy

14301 Northridge Drive
Charlotte     NC     28269

⚠️ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**
**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)
Elijah Broadwell
Poulin Willey Anastopoulo, LLC
32 Ann Street
Charleston     SC     29403

Date Issued
**1/9/2025**

Time
**12:41:44 pm** ☐ AM ☐ PM

Signature
**/s/ Mitchell Woodard**

☐ Deputy CSC    ☒ Assistant CSC    ☐ Clerk Of Superior Court

☐ ENDORSEMENT (ASSESS FEE)
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

Date Of Endorsement

Time

☐ AM ☐ PM

Signature

☐ Deputy CSC    ☐ Assistant CSC    ☐ Clerk Of Superior Court

**NOTE TO PARTIES:** _Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed._

(Over)

AOC-CV-100, Rev. 12/23
© 2023 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Acceptance of service.
Summons and complaint received by: ☐ Defendant 1.
☐ Other: *(type or print name)*

| Date Accepted | Signature |
|---|---|
| | |

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Acceptance of service.
Summons and complaint received by: ☐ Defendant 2.
☐ Other: *(type or print name)*

| Date Accepted | Signature |
|---|---|
| | |

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

Case 3:25-cv-00128-FDW-SCR   Document 1   Filed 02/19/25   Page 32 of 72

# STATE OF NORTH CAROLINA

_____ MECKLENBURG _____ County

File No.
**25CV001196-590**

In The General Court Of Justice
☐ District ☒ Superior Court Division

| | |
|---|---|
| *Name Of Plaintiff*<br>SAKOYA THOMAS and SHAMITA THOMAS | |
| *Address*<br>c/o Poulin Willey Anastopoulo, LLC | **CIVIL SUMMONS** |
| *City, State, Zip*<br>Charleston      SC    29403 | ☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)** |

**VERSUS**

G.S. 1A-1, Rules 3 and 4

| | |
|---|---|
| *Name Of Defendant(s)*<br>THE CITY OF CHARLOTTE, CHARLOTTE-MECKLENBURG POLICE DEPARTMENT, CHARLOTTE-MECKLENBURG BOARD OF EDUCATION, SHARON BRACY, ANGELA MCKENZIE, and CHRIS GRANT. | *Date Original Summons Issued*<br><br>*Date(s) Subsequent Summons(es) Issued* |

**To Each Of The Defendant(s) Named Below:**

| *Name And Address Of Defendant 1*<br>Angela McKenzie<br><br>3526 County Down Avenue<br>Kannapolis      NC    28081 | *Name And Address Of Defendant 2*<br>Chris Grant<br><br>4132 Hileah Drive<br>Columbia      SC    29209 |
|---|---|

⚠️ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**
**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)*<br>Elijah Broadwell<br>Poulin Willey Anastopoulo, LLC<br>32 Ann Street<br>Charleston      SC    29209 | *Date Issued*<br>1/9/2025 | *Time*<br>12:41:44 pm ☐ AM ☐ PM |
|---|---|---|
| | *Signature*<br>/s/ Mitchell Woodard | |
| | ☐ Deputy CSC    ☒ Assistant CSC    ☐ Clerk Of Superior Court | |

| ☐ **ENDORSEMENT (ASSESS FEE)**<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | *Date Of Endorsement* | *Time*<br>☐ AM ☐ PM |
|---|---|---|
| | *Signature* | |
| | ☐ Deputy CSC    ☐ Assistant CSC    ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

**RETURN OF SERVICE**

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

| ☐ Acceptance of service. Summons and complaint received by: ☐ Defendant 1. ☐ Other: *(type or print name)* | Date Accepted | Signature |
|---|---|---|
| | | |

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

| ☐ Acceptance of service. Summons and complaint received by: ☐ Defendant 2. ☐ Other: *(type or print name)* | Date Accepted | Signature |
|---|---|---|
| | | |

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

Case 3:25-cv-00128-FDW-SCR     Document 1     Filed 02/19/25     Page 34 of 72

| | |
|---|---|
| IN THE STATE OF NORTH CAROLINA<br>COUNTY OF MECKLENBURG | IN THE GENERAL COURT OF JUSTICE<br>SUPERIOR COURT DIVISION<br>CASE NO: 25CV001196-590 |

|  |  |  |
|---|---|---|
| SAKOYA THOMAS and SHAMITA THOMAS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **NOTICE OF FILING NOTICE** |
| v. | ) | **OF REMOVAL** |
| | ) | |
| THE CITY OF CHARLOTTE, CHARLOTTE-MECKLENBURG POLICE DEPARTMENT, CHARLOTTE-MECKLENBURG BOARD OF EDUCATION, SHARON BRACY, ANGELA MCKENZIE and CHRIS GRANT | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

TO:
The Honorable Clerk of Court
Mecklenburg County Courthouse
832 East Fourth Street, Suite 3600
Charlotte, NC 28202

Elijah Broadwell
Poulin Willey Anastopoulo
32 Ann Street
Charleston, SC 29403
Counsel for Plaintiffs

PLEASE TAKE NOTICE that Officer Chris Grant, by and through undersigned counsel, is filing with the Clerk of the United States District Court for the Western District of North Carolina, Charlotte Division, a Notice of Removal of this above-captioned action. A copy of the Notice of Removal is affixed hereto as "Attachment A."

THIS 19th day of February, 2025

/s/ Lori R. Keeton
Lori R. Keeton, N.C. State Bar # 25813
Law Offices of Lori Keeton
6000 Fairview Road, Suite 1200 Charlotte, North
Carolina 28210
Phone: 704-575-9204
Email: lkeeton@lorikeetonlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 19, 2025, a copy of the foregoing **Notice of Filing Notice of Removal** was filed electronically and served on all counsel of record as follows:

Elijah Broadwell
Poulin Willey Anastopoulo
32 Ann Street
Charleston, SC 29403
***Counsel for Plaintiffs***

Jill Sanchez Myers
City of Charlotte
Senior Assistant Attorney
600 E. Fourth Street
Charlotte, NC 28202
***Counsel for City of Charlotte and Charlotte Mecklenburg Police Department***

Oksana Cody
Charlotte Mecklenburg Board of Education
Senior Associate General Counsel
Office of General Counsel
4421 Stuart Andrew Blvd.
Charlotte, NC 28217
***Counsel for Charlotte-Mecklenburg Board of Education, Sharon Bracy and Angela Mckenzie***

**THIS** 19th day of February, 2025.

/s/ Lori R. Keeton
Lori R. Keeton, N.C. State Bar # 25813
Law Offices of Lori Keeton
6000 Fairview Road, Suite 1200 Charlotte,
North Carolina 28210
Phone: 704-575-9204
Facsimile: 704-919-5059
Email: lkeeton@lorikeetonlaw.com
***Counsel for Defendant Officer Chris Grant***

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Civil Action No. _____

| | | |
|---|---|---|
| SAKOYA THOMAS and SHAMITA THOMAS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **NOTICE OF REMOVAL** |
| v. | ) | |
| | ) | |
| THE CITY OF CHARLOTTE, CHARLOTTE-MECKLENBURG POLICE DEPARTMENT, CHARLOTTE-MECKLENBURG BOARD OF EDUCATION, SHARON BRACY, ANGELA MCKENZIE and CHRIS GRANT | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant, Officer Chris Grant ("Officer Grant"), hereby files this Notice of Removal to remove the above-captioned action from the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina, Case No. 25CV001196-590 ("State Court Action"), to the United States District Court for the Western District of North Carolina, Charlotte Division. The removal of this civil action is proper because:

1. This civil action was originally filed in the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina, Case No. 25CV001196-590 (the "State Court Action"). Mecklenburg County is within the District of this Court.

2. On January 9, 2025, the Plaintiff filed the Complaint in the State Court Action.

3. A copy of the Summons and Complaint and all other process, pleadings and orders in the State Court Action are attached hereto as **Exhibit A** pursuant to 28 U.S.C. § 1446(a).

4. Counsel for Officer Grant accepted service of the Summons and Complaint on his behalf on February 18, 2025. A copy of the Summons and Complaint was received by the City of Charlotte on January 30, 2025 and by the Charlotte Mecklenburg Police Department on January 31, 2025. Angela Mckenzie was served on February 2, 2024. The remaining Defendants have not been served, but all Defendants have consented to this request for removal through their counsel.

5. This removal petition is timely filed within thirty (30) days after Officer Grant was served with the Summons and Complaint. See 28 U.S.C. § 1446(b).

6. Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction over this action because claims raised in the Complaint arise under the Constitution and laws of the United States. Therefore, this action is suitable for removal under 28 U.S.C. § 1441. Specifically, Plaintiffs assert claims against the Defendants arising under 42 U.S.C. § 1983 for alleged violations of Plaintiffs' rights under the United States Constitution.

7. Plaintiffs also allege state claims connected by the same chain of events from which Plaintiffs' federal claim rises. The state claim is so related to Plaintiffs' § 1983 claims "that [it] form[s] part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). As such, the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) of the state law causes of action brought by Plaintiffs in this lawsuit.

8. Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal, Officer Grant is filing with the Clerk of Court of Mecklenburg County the Notice of State Court Removal that is attached hereto. In addition, Officer Grant is serving a copy of this Notice of Removal on all counsel of record via email and United States Mail, first-class postage prepaid. A filed copy of the Notice of Filing of Notice of Removal is attached to this

2

Notice of Removal as **<u>Exhibit B</u>**.

       **WHEREFORE,** this Defendant, having shown that the State Court Action is properly removable under federal question jurisdiction, respectfully requests the Court to exercise its jurisdiction over the State Court Action.

       **THIS** 19th day of February, 2025

/s/ Lori R. Keeton
Lori R. Keeton, N.C. State Bar # 25813
Law Offices of Lori Keeton
6000 Fairview Road, Suite 1200
Charlotte, North Carolina 28210
Phone: 704-575-9204
Facsimile: 704-919-5059
Email: lkeeton@lorikeetonlaw.com
***Attorney for Defendant Officer Chris Grant***

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on February 19, 2025, a copy of the foregoing **Notice of Removal**

was filed electronically and served on all counsel of record as follows:

Elijah Broadwell
Poulin Willey Anastopoulo
32 Ann Street
Charleston, SC 29403
***Counsel for Plaintiffs***

Jill Sanchez Myers
City of Charlotte
Senior Assistant Attorney
600 E. Fourth Street
Charlotte, NC 28202
***Counsel for City of Charlotte and Charlotte Mecklenburg Police Department***

Oksana Cody
Charlotte Mecklenburg Board of Education
Senior Associate General Counsel
Office of General Counsel
4421 Stuart Andrew Blvd.
Charlotte, NC 28217
***Counsel for Charlotte-Mecklenburg Board of Education, Sharon Bracy and Angela Mckenzie***

**THIS** 19th day of February, 2025.

/s/ Lori R. Keeton
Lori R. Keeton, N.C. State Bar # 25813
Law Offices of Lori Keeton
6000 Fairview Road, Suite 1200 Charlotte, North
Carolina 28210
Phone:  704-575-9204
Facsimile:  704-919-5059
Email:  lkeeton@lorikeetonlaw.com
***Counsel for Defendant Officer Chris Grant***

Mecklenburg County Clerk of Superior Court

| | | |
|---|---|---|
| IN THE STATE OF NORTH CAROLINA | ) | COURT OF GENERAL JUSTICE |
| COUNTY OF MECKLENBURG | ) | SUPERIOR DIVISION |
| | | CASE NO: |

SAKOYA THOMAS and SHAMITA
THOMAS,

        Plaintiffs,

   v.

THE CITY OF CHARLOTTE,
CHARLOTTE-MECKLENBURG
POLICE DEPARTMENT, CHARLOTTE-
MECKLENBURG BOARD OF
EDUCATION, SHARON BRACY,
ANGELA MCKENZIE, and CHRIS
GRANT.

        Defendants.

**COMPLAINT**

---

   Plaintiffs, Sakoya Thomas and Shamita Thomas ("hereinafter collectively referred to as Plaintiffs"), complaining of the Defendants, alleges and says:

**JURISDICTION AND VENUE**

   1.  That Sakoya Thomas (Sakoya) is an adult citizen and resident of Charlotte, Mecklenburg County, North Carolina, and was a student of Hawthorne Academy of Health Science (Hawthorne) at all times relevant to this complaint.

   2.  That Shamita Thomas (Shamita) is an adult citizen and resident of Charlotte, Mecklenburg County, North Carolina, and is the natural mother of Sakoya, who was a sixteen year-old minor at the time of the incident.

   3.  That Plaintiffs are informed, believe, and therefore allege that Defendant, The City of Charlotte (Charlotte), is a governmental entity existing under the laws of the state of North Carolina and operates in schools located throughout Mecklenburg County, including

1

Hawthorne, and employs police officers through the Charlotte-Mecklenburg Police Department (CMPD). At all times herein mentioned in this lawsuit, Charlotte acted and carried on its business by and through its agents, servants, and/or employees at its various locations, including Hawthorne.

4.     That Plaintiffs are informed, believe, and therefore allege that Defendant, CMPD, is a governmental entity existing under the laws of the state of North Carolina and operates in schools located throughout Mecklenburg County, including Hawthorne. At all times herein mentioned in this lawsuit, CMPD acted and carried on its business by and through its agents, servants, and/or employees at its various locations, including Hawthorne.

5.     That Plaintiffs are informed, believe, and therefore allege that Defendant Charlotte-Mecklenburg Board of Education (CMBE) is a governmental agency/entity existing under the laws of the state of North Carolina and has facilities and schools located throughout Mecklenburg County, including Hawthorne. At all times herein mentioned in this lawsuit, CMBE acted and carried on its business by and through its agents, servants, and/or employees at its various locations, including Hawthorne.

6.     That Plaintiffs are informed, believe, and therefore allege that Defendant Sharon Bracy (Sharon), sued in her individual capacity, upon information and belief is a citizen and resident of Mecklenburg County, North Carolina and a public employee of CMBE and Hawthorne.

7.     That Plaintiffs are informed, believe, and therefore allege that Defendant Angela McKenzie (Angela) sued in her individual capacity, upon information and belief is a citizen and resident of Cabarrus County, North Carolina and a public employee of CMBE and Hawthorne.

2

8.     That Plaintiffs are informed, believe, and therefore allege that Defendant Chris Grant (Chris), sued in his individual capacity, upon information and belief is a citizen and resident of Mecklenburg County, North Carolina and a public employee of CMBE, CMPD, and Charlotte.

9.     At times relevant to the allegations herein, Chris was an employee and/or agent of Defendants Charlotte, CMPD, and CMBE and was at all times acting within the scope of his employment.

10.     This action has been brought in part under 42 U.S. Code §1983.

11.     In the alternative, if the Court finds that any of the Defendants are entitled to governmental immunity, which Plaintiffs deny, then Plaintiffs have no adequate remedy at law, and Plaintiffs assert violations of Article I, §§ 15 and 19 and Article IX, § 1 of the North Carolina Constitution.

12.     The Superior Court of Mecklenburg County, North Carolina has jurisdiction over the parties and the subject matter of this action.

13.     Venue is proper.

14.     Plaintiffs have been damaged in excess of $25,000.00.

15.     All claims for relief asserted herein that are mutually exclusive to another claim for relief are hereby made in the alternative to the other claim for relief.

**GENERAL FACTS**

16.     Plaintiffs hereby incorporate by reference the allegations contained in all paragraphs above and below.

17.     On February 3, 2023, Sakoya was verbally confronted by a fellow student in the Hawthorne cafeteria.

3

18. During this confrontation the other student was the initial aggressor and began standing over Sakoya, who was in a seated position, during the verbal confrontation.

19. As a result of the verbal confrontation, Sakoya felt very threatened by the other student.

20. The School Resource Officer (SRO) on duty, Chris Grant, saw the altercation take place and intervened, pulling Sakoya out of the cafeteria and into SRO office.

21. While Sakoya was being escorted to the SRO office, she was not trying to continue the altercation or go back into the Cafeteria.

22. Rather, Sakoya was attempting to walk away and deescalate the confrontation, however Chris Continued to aggressively grab her clothes and drag her into the SRO office. Sakoya continually asked Chris to not grab her clothes since it was escalating her state of mind, however he continued to do so.

23. Chris never communicated to Sakoya that he was attempting to escort Sakoya to the SRO office and never asked Sakoya if she would walk to the SRO office willingly. Rather, Chris just aggressively pushed and pulled Sakoya to the SRO office, thereby unnecessarily escalating the situation.

24. Once Chris dragged Sakoya into the SRO office, he wrongfully and inappropriately slammed Sakoya to the ground and smashed her face into the edge of a table, which unnecessarily escalated the situation. Sakoya's nose began bleeding as a result of her hard impact with the table.

25. Chris then placed Sakoya in handcuffs and placed his knee on her back, causing painful injury and a difficulty for Sakoya to breath.

4

26.     Once on the ground and handcuffed, Sakoya was then threatened by Chris with the use of a taser.

27.     The events in the SRO office lasted approximately seven minutes before Sakoya was escorted to the school nurse office for medical treatment resulting from the injuries sustained from Chris. Sakoya was still handcuffed and restrained at this time.

28.     Once Sakoya arrived at the school nurse office, she was examined by the nurse and treated for her injuries. Sakoya was still handcuffed and restrained at this time.

29.     By the time Sakoya arrived at the school nurse office, she was in a calm state of mind and the situation had completely deescalated. However, Chris kept Sakoya handcuffed and restrained for the entirety of the time that Sakoya was being examined by the nurse, which was approximately 15 minutes.

30.     While in the nurse office, Sharon and Angela were also present and witnessed Sakoya's calm and non-aggressive demeanor. Sharon and Angela either recognized or should have recognized that the situation had deescalated.

31.     Sharon and Angela requested one time that Chris remove the handcuffs.

32.      Chris refused to remove the handcuffs and Sharon and Angela did nothing further to have Sakoya released from her restraints.

33.     The school nurse also noticed that Sakoya was calm and non-combative, prompting her to request that the handcuffs be removed from Sakoya, but Chris again refused and kept the handcuffs on Sakoya.

34.     At some point during the situation the Emergency Medical Technicians (EMT) were called. Once they arrived, Sakoya was escorted from the school nurse office to the ambulance. Sakoya was still handcuffed and restrained at this time.

5

35.     Once Sakoya arrives to the ambulance, Chris began taking pictures of her injuries. Sakoya was still handcuffed and restrained at this time.

36.     Chris finally removed the handcuffs from Sakoya when she was loaded into the ambulance and taken to Novant Mint Hill Hospital.

37.     Chris is approximately six feet tall with a strong build, while Sakoya is five feet and 3 inches tall and is significantly weaker than Chris.

38.     Sakoya at no point during the confrontation communicated any threats of violence to the other student, Chris, or any other individuals.

39.     After the incident, the school staff failed to notify Shamita that Sakoya had been injured by Chris. Shamita heard about Sakoya's injuries from a one of Sakoya's friends, who had to call Sakoya's sister, who then had to notify Shamita. Shamita then had to call the school staff herself to gain more information on her daughter's injuries.

40.     Upon information and belief, Chris was not wearing a body camera or the camera was not active.

41.     Upon information and belief, the school policy is that a confrontation between two females should be handled by a female SRO officer.

42.     However, the Female SRO officer that would have otherwise handled the confrontation had quit approximately seven months prior, but Sharon and Angela failed to employ a replacement female SRO officer.

43.     As a result of the actions and omissions of CMBE, Charlotte, CMPD, Sharon Bracy Angela McKenzie, and Chris Grant (hereinafter collectively referred to as "Defendants"), Sakoya suffered swelling to her face, swelling to her ears and jaw, nose bleeds, and lacerations to

6

her face. Sakoya also experienced severe and permanent anxiety, embarrassment, emotional distress, and other psychological damages to be proven at trial.

`

## **GOVERNMENTAL IMMUNITY IS WAIVED**

44.     Plaintiffs hereby incorporate by reference the allegations contained in all paragraphs above and below.

45.     N.C. General Statute §115C-42 provides: "Any local board of education, by securing liability insurance as hereinafter provided, is hereby authorized and empowered to waive its governmental immunity from liability for damage by reason of death or injury to person or property caused by the negligence or tort of any agent or employee of such board of education when acting within the scope of his authority or within the course of his employment. Such immunity shall be deemed to have been waived by the act of obtaining such insurance, but such immunity is waived only to the extent that said board of education is indemnified by insurance for such negligence or tort."

46.     Upon information and belief, Defendants have waived governmental immunity that could otherwise apply to the claims in this case. Upon information and belief, Defendants have purchased liability insurance, either by contract with an insurance company or other qualified insurer as determined by the Department of Insurance, which provides insurance coverage to Defendants—including coverage to its officers and employees—for the claims raised in this action. Defendants have thereby waived its sovereign or governmental immunity on these claims by purchasing insurance pursuant to N.C. General Statute § 115C-42.

7

47.     Alternatively, should the Court determine that Defendants are entitled to governmental immunity, which Plaintiffs deny, then Plaintiffs will have no adequate remedy at law and assert violations of Article I, §§ 15 and 19 and Article IX, § 1 of the North Carolina Constitution.

48.     Charlotte has waived Governmental Immunity in accordance with N.C.G.S. § 160A-485.5 and Charlotte City Council Resolution Book 42, Page 226.

49.     Further, these claims are being made against Defendant Chris Grant in his individual capacity as a public employee for acts that occurred within the scope of his employment.

### FIRST CAUSE OF ACTION:
### NEGLIGENCE AND GROSS NEGLIGENCE
### (Against Chris Grant, CMBE, Charlotte, and CMPD)

50.     Plaintiffs hereby incorporate by reference the allegations contained in all paragraphs above and below.

51.     Chris owed a duty to Sakoya to provide protection from unlawful discrimination and harassment at school, to provide a safe school environment, and prevent physical and mental injury to Sakoya.

52.     Chris breached his duties in the following ways:

   a.  Failed to properly monitor and control the behavior of other students;

   b.  Was deliberately indifferent to the safety of Sakoya;

   c.  Failed to de-escalate the confrontation started by the other student;

   d.  Failed to employ proper de-escalation tactics with Sakoya;

   e.  Wrongfully and inappropriately restrained Sakoya, causing her physical, psychological, and emotional injury;

   f.  Wrongfully and inappropriately threatened Sakoya with additional violence after she was restrained, specifically with the use of a taser;

8

g.  Failed to properly document and report the assault on Sakoya;

h.  Upon information and belief, failed to provide proper medical care to Sakoya in a timely manner;

i.  Violated policy codes P-HASM, S-DISC, and any other provisions of the *Charlotte-Mecklenburg School Policies* to be proven at trial;

j.  Violated various policies within the *CMPD Directives*, to include but not be limited to: Section 300 Secondary Employment, Provision II(A); Section 400 Equipment, Provisions IV(B); Section 400 Body Worn Cameras, Provision IV(E)(1), Provision IV(E)(2), Provision IV(E)(3), Section 600 Response to Resistance, Provisions IV(A), IV(B), and IV(C); and any other provisions of the *CMPD Directives* to be proven at trial; and

k.  In any other ways to be proven at trial.

53.  Upon information and belief, CMBE, Charlotte, and CMPD were negligent in the following additional ways:

a.  Failed to train employees regarding policies and acceptable practices;

b.  Failed to properly supervise the responsibilities of its employees on the premises;

c.  Failed to properly train employees on de-escalation tactics between students;

d.  Failed to properly train employees on de-escalation tactics between students and facility staff;

e.  Failed to properly train employees on *Charlotte Mecklenburg School Policies* (allegations specifically against CMBE);

f.  Failed to properly train employees on CMPD Directive (allegation specifically against Charlotte); and

g.  Any other failures to be proven at trial.

54.  The acts described above were willful and wanton, done with reckless indifference or in total disregard for the rights and safety of others, including Sakoya.

9

55. All of the aforesaid injuries and damages of Plaintiffs were directly and proximately caused by the negligence of CMBE's, CMPD's, and Charlotte's agent and/or employee, whose negligence is imputable to CMBE, CMPD and Charlotte under the doctrine of agency and/or *respondeat superior*.

56. As a direct and proximate result of the gross negligence and negligence of the Defendants, the Plaintiffs are entitled to a recovery of damages in an amount in excess of $25,000.00.

## SECOND CAUSE OF ACTION:
## NEGLIGENCE AND GROSS NEGLIGENCE
## (Against Sharon Bracy, Angela McKenzie, and CMBE)

57. Plaintiffs hereby incorporate by reference the allegations contained in all paragraphs above and below.

58. Sharon and Angela owed a duty to Sakoya to provide protection from unlawful discrimination and harassment at school, to provide a safe school environment, and prevent physical and mental injury to Sakoya.

59. Sharon and Angela Breached their duties in the following ways:

   a. Failed to properly monitor and control the behavior of other students;
   b. Was deliberately indifferent to the safety of Sakoya;
   c. Failed to de-escalate the confrontation started by the other student;
   d. Failed to employ proper de-escalation tactics with Sakoya;
   e. Failed to properly document and report the assault on Sakoya;
   f. Violated policy codes P-HASM, S-DISC, and any other provisions of the Charlotte-Mecklenburg School Policies to be proven at trial;
   g. Failed to monitor and supervise Hawthorne employees, specifically Chris;
   h. Failing to hire the appropriate SRO officers, specifically a female SRO officer who is equipped to handle a confrontation between two females; and
   i. In other ways to be proven at trial.

10

60.     The acts described above were willful and wanton, done with reckless indifference or in total disregard for the rights and safety of others, including Sakoya.

61.     All of the aforesaid injuries and damages of Plaintiffs were directly and proximately caused by the negligence of CMBE's agent and/or employee, whose negligence is imputable to CMBE under the doctrine of agency and/or *respondeat superior.*

62.     As a direct and proximate result of the gross negligence and negligence of the Defendants, the Plaintiffs are entitled to a recovery of damages in an amount in excess of $25,000.00.

**THIRD CAUSE OF ACTION:**
**ASSAULT AND BATTERY**
**(Against Chris Grant)**

63.     Plaintiffs hereby incorporate by reference the allegations contained in all paragraphs above and below.

64.     Chris beached his duty of care and was a direct and proximate cause of Sakoya's injuries and damage by the careless, negligent, and unlawful conduct and acts alleged herein above and said allegations and causes of action are incorporated as if fully referenced herein.

65.     Chris intentionally caused bodily contact with Sakoya.

66.     The bodily contact was offensive to a reasonable sense of personal dignity.

67.     The bodily contact occurred without consent.

68.     Chris acted and displayed force and violence to threaten Sakoya with imminent injury such that it caused Sakoya to have reasonable apprehension that harmful and offensive contact was imminent, specifically, but not limited to, threatening Sakoya with the use of a taser after she was handcuffed on the ground.

11

69.     Chris did not have probable cause to execute the arrest of Sakoya at any time relevant the events described herein.

70.     In the alternative to the allegations in the paragraph immediately above, should this court determine that probable cause did exist, Chris used excessive force under the given circumstances in executing the arrest of Sakoya.

71.     The use of force by Chris in arresting Sakoya exceeded the level of force reasonably necessary to properly discharge his duties.

72.     The injuries and damages of Sakoya are the direct and proximate result of Chris's assault and battery.

73.     As a direct and proximate result of the assault and battery by Chris, the Plaintiffs are entitled to a recovery of damages in an amount in excess of $25,000.00.

### FOURTH CAUSE OF ACTION:<br>FALSE IMPRISONMENT<br>(Against Chris Grant)

74.     Plaintiffs hereby incorporate by reference the allegations contained in all paragraphs above and below.

75.     Chris intentionally detained Sakoya against her will in the SRO office.

76.     Chris lacked probable cause to arrest or otherwise detain Sakoya.

77.     Chris detained Sakoya through the use of actual force, bodily contact, confinement, threatening words, and/or conduct that caused Sakoya to have reasonable apprehension that force would be used against her if she did not submit.

78.     During these periods of detention, Sakoya was deprived of her liberty and compelled to remain where she did not wish to remain.

79.     At all times herein alleged, Sakoya was detained unlawfully.

12

80.     As a direct and proximate cause of Chris's actions, Sakoya was damaged by Chris's false imprisonment.

81.     As a direct and proximate result of the false imprisonment by Chris, the Plaintiffs are entitled to a recovery of damages in an amount in excess of $25,000.00.

## FIFTH CAUSE OF ACTION:
## VIOLATION 42 U.S. CODE § 1983
## (Against All Defendants)

82.     Plaintiffs hereby incorporate by reference the allegations contained in all paragraphs above and below.

83.     This cause of action is brought against all defendants individually for deliberate actions and indifference to the specific threat of harm and fair treatment to Sakoya. Defendants CMBE and Charlotte, by and through its employees and policies, failed to protect the safety and well-being of Sakoya and deliberately caused physical injury to her persons.

84.     By engaging in the acts described herein, Chris was, at all relevant times, acting under the color of state law and with deliberate indifference, violated Sakoya's rights under the U.S. Constitution to be free from unreasonable seizures and excessive force.

85.     CMBE and CMPD both created and implemented a restraint/use of force policies that merely provide a vague and ambiguous reasonableness standard that fails to provide clear and specific guidelines pertaining to arresting and restraining juvenile students.

86.     CMBE's and CMPD's failure to provide clear and specific guidelines pertaining to the arrest and restraint of juvenile students constitutes a deliberate indifference to the known and obvious consequences that are likely to arise from the arrest and restraint of a juvenile

13

students and CMBE's and CMPD's deliberate indifference was the moving force behind the constitutional violation alleged herein.

87. Upon information and belief, CMBE and CMPD engaged in and allowed a custom and/or practice of being deliberately indifferent to the abuse of students. Upon information and belief, this custom and/or practice is so engrained in the departmental practices that it in effect has the force of law.

88. Sharon, as principal of Hawthorne, and Angela, as vice-principal of Hawthorne, adopted an implemented a restraint policy that is exactly identical CMBE's restraint policy.

89. In doing so, Sharon and Angela created a policy and custom under which the unconstitutional seizure occurred and exhibited a deliberate indifference to the rights of others by failing to act on information that intentional acts were occurring.

90. Specifically, Sharon and Angela failed to have the handcuffs removed from Sakoya while she was being examined by the school nurse and after she had calmed down and the situation had fully deescalated. These events exhibit on the part of Sharon and Angela subjective knowledge of the risk of harm and a deliberate disregard of that risk that rises above gross negligence.

91. Additionally, Sharon and Angela's failure to have Chris remove the handcuffs from Sakoya for over 15 minutes while directly witnessing Sakoya calm demeanor and seeing that the situation had deescalated constitutes gross negligence in the supervision of Chris, the subordinate employee who committed the wrongful act.

92. The Fourth and Fourteenth Amendment rights of Sakoya to be free from unreasonable seizures and excessive force as described herein was clearly established in law at the time of the incidents alleged.

14

93.    The U.S. Constitution protects Sakoya against unreasonable search and seizure and excessive force. "[The] reasonableness of a particular seizure depends not only on when it is made, but also on how it is carried out." Graham v. Connor, 490 U.S. 386, 395 (1989). Whether a seizure is unreasonable and unconstitutional depends on the totality of the circumstances.

94.    At all times relevant hereto, Defendants were depriving Sakoya of her Fourth Amendment right against unreasonable search and seizure and excessive force, her Fourteenth Amendment Right of equal protection, as well as any other violation of her constitutional rights to be proven at trial.

95.    Upon information and belief, CMBE and Charlotte have actual and/or constructive knowledge that Chris was engaged in conduct, as alleged above, that posed a pervasive and unreasonable risk of constitutional injury to citizens like Sakoya.

96.    Sakoya did not pose an immediate risk of harm to herself, other students, faculty and staff, Chris Grant, or school property at any time alleged herein.

97.    At all times alleged herein, Sakoya was not:

    a.  In possession of a weapon or other dangerous object;
    b.  Engaging in a physical altercation with any other individuals;
    c.  Posing a risk to any other individuals; and
    d.  Destroying or attempting to destroy school property;

98.    Chris's conduct, in light of the totality of circumstances, posed a pervasive and unreasonable risk of injury, to include but not be limited to:

    a.  Threatening physical harm to Sakoya;
    b.  Causing physical harm to Sakoya;
    c.  Acting with aggression towards Sakoya;
    d.  Inappropriately and unconstitutionally restraining Sakoya;
    e.  Acting with disregard to the wellbeing of Sakoya;
    f.  Forcefully slamming Sakoya to the ground;

15

g. Showing complete disregard to potentially hazardous environmental risks, namely the table that Sakoya was slammed into;

h. Using heavy force in the arrest despite a great age and size difference between Chris and Sakoya; and

i. Other ways to be proven through discovery of this matter.

99.    Chris deliberately and intentionally kept Sakoya handcuffed for over 15 minutes after she calmed down and the situation was deescalated.

100.    The use of force and restraint techniques implemented on Sakoya by Chris was grossly excessive and caused pain and injury to Sakoya that required her to be taken to the hospital for medical treatment.

101.    Chris acted maliciously, intentionally, and in reckless disregard to the rights of the Sakoya by executing the unlawful arrest with excessive force and without probable cause.

102.    At all-times alleged herein, Chris either knew or should have known that his actions violated clearly established law.

103.    A reasonable person in the same or similar position as Chris would be aware of the inappropriateness of the conduct described herein.

104.    At all times relevant hereto, CMBE's, CMPD's, and Charlotte's responses to the knowledge of Chris's conduct was so inadequate as to show a deliberate indifference to or tacit authorization of the alleged offensive practices.

105.    At all times relevant hereto, the Defendant's actions and inactions actually and proximately caused Sakoya's injuries.

106.    Sakoya was assaulted in front of classmates and school staff, thereby causing undue mental distress and embarrassment.

16

107.    CMBE, CMPD, and Charlotte created the dangerous environment through the implementation of its policies, which subjected Sakoya to the risk of inadequate supervision and negligent school staff and, at the very least, significantly increased the risk of that danger and did so through affirmative acts.

108.    As a direct and proximate result of CMBE's, CMPD's, and Charlotte's, actions of implementing inadequate policies Sakoya was placed in a position of danger whereby Sakoya suffered, and continues to suffer, severe physical and psychological injuries and was forced to endure extreme pain, suffering, emotional distress, and mental anguish together with a total deprivation of her rights guaranteed to her by the Constitution of the United States of America, including but not limited to, her substantive due process rights under the Fourteenth Amendment to bodily integrity and to be free from state-created danger.

109.    As a direct and proximate result of the actions or omission of the Defendants, the Plaintiffs are entitled to a recovery of damages in an amount in excess of $25,000.00.

## SIXTH CAUSE OF ACTION:
## NORTH CAROLINA CONSTITUTION VIOLATION
### (In the alternative)
### (Against All Defendants)

110.    Plaintiffs hereby incorporate by reference the allegations contained in all paragraphs above and below.

111.    Alternatively, should the Court determine that Defendants are entitled to governmental immunity, which Plaintiffs deny, then Plaintiffs have no adequate remedy at law and assert the following constitutional violations pursuant to the law of the State of North Carolina.

17

112.    This alternative cause of action is brought against Defendants pursuant to Article I, §§ 15 and 19 and Article IX, § 1 of the North Carolina Constitution. This case represents a constitutional claim for damages.

113.    At all times relevant hereto, CMBE, CMPD, and Charlotte were vicariously liable for the actions of the Chris.

114.    At all times relevant hereto, CMBE was vicariously liable for the actions of the Sharon and Angela.

115.    Sakoya, as a resident of North Carolina, is entitled to protections pursuant to the Declaration of Rights of the North Carolina Constitution. Accordingly, Defendants hold a duty to guard and maintain Sakoya's right to education and provide equal protection to that effect, as provided for in the North Carolina Constitution.

116.    Defendants failed to uphold that duty by the actions and omissions described herein and thereby showed a deliberate disregard for maintaining a safe educational environment for Sakoya. As a result, Defendants' actions and omissions allowed the conduct alleged herein, thereby depriving Sakoya of her constitutional right to an education under the North Carolina Constitution.

117.    Additionally, Sakoya has the right to not be deprived of her liberties and privileges, or be deprived of life, liberty, or property, but by the law of the land. Sakoya is entitled to equal protection of the laws

118.    Due to the actions of Defendants, as alleged in the Complaint, Sakoya has been deprived of a liberty interest and privilege of an education free from physical harm.

119.    Sakoya's injuries were an actual and proximate result of Defendants' deliberate disregard for a safe educational environment.

18

120.    The events alleged herein, which upon information and belief were permitted to arise due to the negligence and deliberate indifference of Defendants, deprived Sakoya of the privilege of safe education environment, as well as to be free from state-created danger and harm.

121.    As a direct and proximate result of Defendants', and/or its employees' actions, deliberate indifference, and/or failure to protect Sakoya, she suffered severe and permanent physical and psychological injuries and was forced to endure extreme pain, suffering, emotional distress, and mental anguish together with a total deprivation of her rights guaranteed to her by the North Carolina Constitution. Defendants have violated;

a. Article I, § 15 of the North Carolina Constitution by depriving Sakoya of an education free from bodily harm and psychological abuse in violation of her right to education;

b. Article I, § 19 of the North Carolina Constitution by depriving Sakoya of an education free from bodily harm and psychological abuse and thereby unlawfully depriving her of her liberty, interests, rights, and privileges; and

c. Article IX, § 1 of the North Carolina Constitution by depriving Sakoya of an education free from harm and psychological abuse in violation of the obligation that schools and means of education shall be encouraged.

122.    As a direct and proximate result of the actions and omissions of the Defendants, Plaintiffs are entitled to a recovery of damages in an amount in excess of $25,000.00.

**SEVENTH CAUSE OF ACTION:**
**INTENTIONAL OR RECKLESS INFLICTION OF EMOTIONAL DISTRESS**
**(Against Chris Grant)**

123.    Plaintiffs hereby incorporate by reference the allegations contained in all paragraphs above and below.

124.    The acts, omissions, allegations, and causes of action against Chris as alleged in this Complaint and incorporated by reference as if fully set out herein were acted and engaged in

19

an extreme and outrageous manner which exceeds all bounds of behavior usually tolerated by a decent society.

125.    Chris's conduct lacked reasonable and ordinary care, was intended to cause harm, and was recklessly indifferent to the likelihood that it would cause severe emotional distress to Sakoya.

126.    Chris's conduct did in fact cause severe emotional distress to Sakoya.

127.    The injuries and damages of Sakoya are the direct and proximate result of Chris's negligent, intentional, or reckless infliction of severe emotional distress.

128.    As a direct and proximate result of the actions and omissions of the Chris, the Plaintiffs are entitled to a recovery of damages in an amount in excess of $25,000.00.

**EIGHTH CAUSE OF ACTION:**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**(In the Alternative)**
**(Against Chris Grant)**

129.    Plaintiffs hereby incorporate by reference the allegations contained in all paragraphs above and below.

130.    The conduct, acts, and omissions of Defendants, stated more particularly herein above and incorporated by reference as if fully set out herein, were negligent and Defendants negligently engaged in said conduct, acts, and omissions.

131.    It was reasonably foreseeable that the negligent conduct of Defendants would cause Sakoya to suffer emotional distress.

132.    The negligent conduct of Defendants did in fact cause Sakoya severe emotional distress, from which she continues to suffer today.

133.    The injuries and damages of Sakoya are the direct and proximate result of Defendants negligent infliction of emotional distress.

20

134.     As a direct and proximate result of the actions and omission of the Defendants, the Plaintiffs are entitled to a recovery of damages in an amount in excess of $25,000.00.

### NINTH CAUSE OF ACTION:
### PUNITIVE DAMAGES AND GROSS NEGLIGENCE
### (Against Chris Grant, Sharon Bracy, and Angela McKenzie)

135.     Plaintiffs hereby incorporate by reference the allegations contained in all paragraphs above and below.

136.     The deliberate indifference and actual conduct of Defendants, as described herein, constitutes malice or willful or wanton conduct.

137.     The likelihood, at all relevant times, of serious harm due to the acts of omissions of Defendants was great.

138.     Defendants' actions were reprehensible, and capable of repetition. A punitive award is necessary to deter future similar conduct.

139.     Defendants participated in or condoned the conduct constituting the aggravating factor giving rise to punitive damages.

140.     All of the aforesaid injuries and damages of Plaintiffs were directly and proximately caused by the negligence of CMBE's, CMPD, and Charlotte's agent and/or employee, whose negligence is imputable to CMBE, CMPD, and Charlotte under the doctrine of agency and/or *respondeat superior*.

141.     As a result, of the acts described herein, the Plaintiffs are entitled to a recovery of punitive damages to be determined by a jury.

### JURY DEMAND

142.     Plaintiffs hereby demand a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

21

**WHEREFORE**, Plaintiffs pray for judgment against the Defendants as follows:

1)      That the Plaintiffs have and recover damages from CMBE, Charlotte, CMPD, and Chris Grant, in their individual capacities, jointly and severally, in an amount to be determined at trial, for their negligence and gross negligence;

2)      That the Plaintiffs have and recover damages from CMBE, Sharon Bracy, and Angela McKenzie, in their individual capacities, jointly and severally, in an amount to be determined at trial, for their negligence and gross negligence;

3)      That the Plaintiffs have and recover damages from Chris Grant, in their individual capacities, jointly and severally, in an amount to be determined at trial, for their assault and battery;

4)      That the Plaintiffs have and recover damages from Chris Grant, in their individual capacities, jointly and severally, in an amount to be determined at trial, for their false imprisonment;

5)      That Plaintiffs have and recover damages from CMBE, Charlotte, CMPD, Sharon Bracy, Angela McKenzie, and Chris Grant, in their individual capacities, jointly and severally, in an amount to be determined at trial pursuant to 42 U.S.C. § 1983 for its violation of the United States Constitution;

6)      In the alternative, that Plaintiffs have and recover damages in an amount to be determined at trial, from CMBE, Charlotte, CMPD, Sharon Bracy, Angela McKenzie, and Chris Grant, in their individual capacities, jointly and severally, for its violation of the North Carolina Constitution, as Plaintiffs have no adequate remedy at law;

7)      That the Plaintiffs have and recover damages from Chris Grant, in their individual capacities, jointly and severally, in an amount to be determined at trial, for their intentional infliction of emotional distress;

8)      That the Plaintiffs have and recover damages from CMBE, Charlotte, CMPD, and Chris Grant, in their individual capacities, jointly and severally, in an amount to be determined at trial, for their negligent infliction of emotional distress;

9)      That the Plaintiffs be awarded punitive and/or exemplary damages for the malicious, wanton, willful, reckless acts of Chris Grant, Sharon Bracy, and Angela McKenzie, pursuant to N.C.G.S. §§ 1D-1, et seq.;

10)     That the Plaintiffs have and recover damages from CMBE, Charlotte, CMPD, and Chris Grant, in their individual capacities, jointly and severally, in an amount to be determined at trial, for respondeat superior/vicarious liability in claims for relief allowed by law;

11)     That the Defendants be taxed with the costs of this action, including reasonable attorney fees as allowed by law, expenses, prejudgment interest, etc.; and

22

12)     That all issues so triable, be tried to a jury; and for any other relief this Court deems just and proper under the circumstances.

**SIGNATURE ON THE FOLLOWING PAGE**

23

This the 7 day of January, 2025.

Respectfully submitted,

**POULIN | WILLEY | ANASTOPOULO, LLC**

 */s/Elijah Broadwell*
Elijah D. Broadwell
N.C. Bar No: 59255
Ryan A. Valente
N.C. Bar No: 40140
Poulin | Willey | Anastopoulo, LLC
32 Ann Street
Charleston, SC 29403
(803) 222-2222
Teambroadwell@poulinwilley.com
**Attorneys for Plaintiff**

24

# STATE OF NORTH CAROLINA

_____ MECKLENBURG _____ County

File No.
**25CV001196-590**

In The General Court Of Justice
☐ District  ☒ Superior Court Division

Name Of Plaintiff
SAKOYA THOMAS and SHAMITA THOMAS

Address
C/o Poulin Willey Anastopoulo, LLC: 32 Ann Street

City, State, Zip
Charleston          SC        29403

**VERSUS**

Name Of Defendant(s)
THE CITY OF CHARLOTTE, CHARLOTTE-MECKLENBURG POLICE DEPARTMENT, CHARLOTTE-MECKLENBURG BOARD OF EDUCATION, SHARON BRACY, ANGELA MCKENZIE, and CHRIS GRANT.

**CIVIL SUMMONS**

☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)**

G.S. 1A-1, Rules 3 and 4

Date Original Summons Issued

Date(s) Subsequent Summons(es) Issued

To Each Of The Defendant(s) Named Below:

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| The City of Charlotte | Charlotte-Mecklenburg Police Department |
| c/o Charlotte City Attorney or thier agent | c/o Charlote-Mecklenburg Police Chief or thier agent |
| 600 E 4th St | 601 E. Trade Street |
| Charlotte,           NC      28202 | Charlotte, NC          NC      28202 |

⚠ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**
**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued | Time |
|---|---|---|
| Elijah Broadwell | 1/9/2025 | 12:41:44 pm ☐ AM ☐ PM |
| Poulin Willey Anastopoulo, LLC | Signature | |
| 32 Ann Street | /s/ Mitchell Woodard | |
| Charleston          SC        29403 | ☐ Deputy CSC  ☒ Assistant CSC  ☐ Clerk Of Superior Court | |

☐ **ENDORSEMENT (ASSESS FEE)**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

| Date Of Endorsement | Time |
|---|---|
|  | ☐ AM ☐ PM |
| Signature | |
| ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** _Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed._

(Over)

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Acceptance of service.
Summons and complaint received by: ☐ Defendant 1.
☐ Other: *(type or print name)*

| Date Accepted | Signature |
|---|---|
| | |

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Acceptance of service.
Summons and complaint received by: ☐ Defendant 2.
☐ Other: *(type or print name)*

| Date Accepted | Signature |
|---|---|
| | |

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid | Signature Of Deputy Sheriff Making Return |
|---|---|
| $ | |
| Date Received | Name Of Sheriff (type or print) |
| | |
| Date Of Return | County Of Sheriff |
| | |

# STATE OF NORTH CAROLINA

_____ MECKLENBURG _____ County

In The General Court Of Justice
☐ District ☒ Superior Court Division

| | |
|---|---|
| *Name Of Plaintiff*<br>SAKOYA THOMAS and SHAMITA THOMAS | |
| *Address*<br>C/o Poulin Willey Anastopoulo, LLC: 32 Ann Street | **CIVIL SUMMONS** |
| *City, State, Zip*<br>Charleston    SC    29403 | ☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE) |
| **VERSUS** | G.S. 1A-1, Rules 3 and 4 |
| *Name Of Defendant(s)*<br>THE CITY OF CHARLOTTE, CHARLOTTE-MECKLENBURG POLICE DEPARTMENT, CHARLOTTE-MECKLENBURG BOARD OF EDUCATION, SHARON BRACY, ANGELA MCKENZIE, and CHRIS GRANT. | *Date Original Summons Issued*<br><br>*Date(s) Subsequent Summons(es) Issued* |

**To Each Of The Defendant(s) Named Below:**

| *Name And Address Of Defendant 1* | *Name And Address Of Defendant 2* |
|---|---|
| Charlotte Mecklenburg Board of Edcucation<br>c/o The Board Chair or thier agent<br>701 E M.L.K. Jr Blvd<br>Charlotte,                    NC    28202 | Sharon Bracy<br><br>14301 Northridge Drive<br>Charlotte                    NC    28269 |

⚠️ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**
**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)*<br>Elijah Broadwell<br>Poulin Willey Anastopoulo, LLC<br>32 Ann Street<br>Charleston                    SC    29403 | *Date Issued* **1/9/2025** | *Time* **12:41:44 pm** ☐ AM ☐ PM |
|---|---|---|
| | *Signature* **/s/ Mitchell Woodard** | |
| | ☐ Deputy CSC  ☒ Assistant CSC  ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE)<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | *Date Of Endorsement* | *Time* ☐ AM ☐ PM |
|---|---|---|
| | *Signature* | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

| ☐ Acceptance of service.<br>Summons and complaint received by: ☐ Defendant 1.<br>☐ Other: *(type or print name)* | Date Accepted | Signature |
|---|---|---|

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

| ☐ Acceptance of service.<br>Summons and complaint received by: ☐ Defendant 2.<br>☐ Other: *(type or print name)* | Date Accepted | Signature |
|---|---|---|

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid<br>$ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

Case 3:25-cv-00128-FDW-SCR    Document 1    Filed 02/19/25    Page 68 of 72

# STATE OF NORTH CAROLINA

_____MECKLENBURG_____ County

File No.
**25CV001196-590**

In The General Court Of Justice
☐ District ☒ Superior Court Division

| | |
|---|---|
| *Name Of Plaintiff*<br>SAKOYA THOMAS and SHAMITA THOMAS | |
| *Address*<br>c/o Poulin Willey Anastopoulo, LLC | **CIVIL SUMMONS** |
| *City, State, Zip*<br>Charleston SC 29403 | ☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)** |
| **VERSUS** | G.S. 1A-1, Rules 3 and 4 |
| *Name Of Defendant(s)*<br>THE CITY OF CHARLOTTE, CHARLOTTE-MECKLENBURG POLICE DEPARTMENT, CHARLOTTE-MECKLENBURG BOARD OF EDUCATION, SHARON BRACY, ANGELA MCKENZIE, and CHRIS GRANT. | *Date Original Summons Issued*<br><br>*Date(s) Subsequent Summons(es) Issued* |

**To Each Of The Defendant(s) Named Below:**

| *Name And Address Of Defendant 1*<br>Angela McKenzie<br><br>3526 County Down Avenue<br>Kannapolis NC 28081 | *Name And Address Of Defendant 2*<br>Chris Grant<br><br>4132 Hileah Drive<br>Columbia SC 29209 |
|---|---|

⚠️ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**
**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)*<br>Elijah Broadwell<br>Poulin Willey Anastopoulo, LLC<br>32 Ann Street<br>Charleston SC 29209 | *Date Issued* **1/9/2025** | *Time* **12:41:44 pm** ☐ AM ☐ PM |
|---|---|---|
| | *Signature* **/s/ Mitchell Woodard** | |
| | ☐ Deputy CSC ☒ Assistant CSC ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE)<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | *Date Of Endorsement* | *Time* ☐ AM ☐ PM |
|---|---|---|
| | *Signature* | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 12/23
© 2023 Administrative Office of the Courts

Case 3:25-cv-00128-FDW-SCR    Document 1    Filed 02/19/25    Page 69 of 72

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Acceptance of service.
Summons and complaint received by: ☐ Defendant 1.
☐ Other: *(type or print name)*

| Date Accepted | Signature |
|---|---|
| | |

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Acceptance of service.
Summons and complaint received by: ☐ Defendant 2.
☐ Other: *(type or print name)*

| Date Accepted | Signature |
|---|---|
| | |

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

IN THE STATE OF NORTH CAROLINA
COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
CASE NO: 25CV001196-590

| | | |
|---|---|---|
| SAKOYA THOMAS and SHAMITA THOMAS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **NOTICE OF FILING NOTICE** |
| v. | ) | **OF REMOVAL** |
| | ) | |
| THE CITY OF CHARLOTTE, CHARLOTTE-MECKLENBURG POLICE DEPARTMENT, CHARLOTTE-MECKLENBURG BOARD OF EDUCATION, SHARON BRACY, ANGELA MCKENZIE and CHRIS GRANT | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

TO:
The Honorable Clerk of Court
Mecklenburg County Courthouse
832 East Fourth Street, Suite 3600
Charlotte, NC 28202

Elijah Broadwell
Poulin Willey Anastopoulo
32 Ann Street
Charleston, SC 29403
Counsel for Plaintiffs

   PLEASE TAKE NOTICE that Officer Chris Grant, by and through undersigned counsel,

is filing with the Clerk of the United States District Court for the Western District of North

Carolina, Charlotte Division, a Notice of Removal of this above-captioned action. A copy of

the Notice of Removal is affixed hereto as "Attachment A."

   **THIS** 19th day of February, 2025

/s/ Lori R. Keeton
Lori R. Keeton, N.C. State Bar # 25813
Law Offices of Lori Keeton
6000 Fairview Road, Suite 1200 Charlotte, North
Carolina 28210
Phone: 704-575-9204
Email: lkeeton@lorikeetonlaw.com
*Counsel for Defendant Officer Chris Grant*

## CERTIFICATE OF SERVICE

      **I HEREBY CERTIFY** that on February 19, 2025, a copy of the foregoing **Notice of Filing Notice of Removal** was filed electronically and served on all counsel of record as follows:

Elijah Broadwell
Poulin Willey Anastopoulo
32 Ann Street
Charleston, SC 29403
***Counsel for Plaintiffs***

Jill Sanchez Myers
City of Charlotte
Senior Assistant Attorney
600 E. Fourth Street
Charlotte, NC 28202
***Counsel for City of Charlotte and Charlotte Mecklenburg Police Department***

Oksana Cody
Charlotte Mecklenburg Board of Education
Senior Associate General Counsel
Office of General Counsel
4421 Stuart Andrew Blvd.
Charlotte, NC 28217
***Counsel for Charlotte-Mecklenburg Board of Education, Sharon Bracy and Angela Mckenzie***

      **THIS** 19th day of February, 2025.

              /s/ Lori R. Keeton
              Lori R. Keeton, N.C. State Bar # 25813
              Law Offices of Lori Keeton
              6000 Fairview Road, Suite 1200 Charlotte,
              North Carolina 28210
              Phone: 704-575-9204
              Facsimile: 704-919-5059
              Email: lkeeton@lorikeetonlaw.com
              ***Counsel for Defendant Officer Chris Grant***